UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, *Plaintiff*, v. LOS CHAVEZ AUTOBUSES, INC. and ANTONIA COMPEAN, *Defendants*. | Civil Action No. 4:20-cv-1302 |

**ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff National Liability & Fire Insurance Company files this Original Complaint for declaratory relief pursuant to the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and in support thereof, respectfully shows as follows:

**PARTIES**

1. Plaintiff National Liability & Fire Insurance Company ("National") is an insurance company incorporated in the State of Connecticut with its principal place of business in Omaha, Nebraska. Consequently, National is a citizen of Connecticut and Nebraska. *See* 28 U.S.C. § 1332(c)(1).

2. Defendant Los Chavez Autobuses, Inc. ("Los Chavez"), is a Texas Corporation formed and organized under the law of Texas with its principal place of business at 915 Collingsworth St., Houston, Texas 77009. Consequently, Los Chavez is a citizen of Texas. *See* 28 U.S.C. § 1332(c)(1). Los Chavez may be served with process by delivering summons with a copy of this Original Complaint attached thereto to its

1

registered agent for service, Martin Chavez, at 808 Enid, Houston, TX 77009 or wherever he may be found.

3. Defendant Antonia Compean is an individual and a resident alien domiciled in Harris County, Texas. Accordingly, Compean is a citizen of a foreign state. *See* 28 U.S.C. § 1332(a)(2). She may be served with process by delivering summons with a copy of this Original Complaint attached thereto to her in person, at her last known residence or wherever else she may be found.

## JURISDICTION

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of different states. The amount in controversy, without interest and costs, exceeds $75,000, because National seeks a declaration that it has no duty to defend or indemnify Los Chavez in another lawsuit seeking to recover more than $75,000 in damages.

## VENUE

5. This action is being brought in this judicial district because the insurance policy that is the subject of this declaratory-judgment action was issued to a Texas insured that has its principal place of business in this district, and one or more of the defendants is subject to personal jurisdiction in this district. *See* 28 U.S.C. § 1391(b).

## BACKGROUND

6. This declaratory judgment action arises from a claim for personal injuries allegedly sustained by Defendant Compean on or about April 13, 2018, while she was a passenger on a bus that was being operated by Los Chavez. Los Chavez is the Named Insured on Business Auto Policy No. 73APB002089 (the "Policy"), which was issued by

National.  (*See* Ex. A.)  The National Policy does not cover bus operations or accidents in Mexico, so Los Chavez purchased another auto insurance policy from a different company to cover its bus operations and accidents occurring in Mexico.

7. On May 13, 2019, Compean filed a lawsuit against Los Chavez and "John Doe Driver," an unnamed party who was allegedly operating the bus "while working in the course and scope of his employment with Los Chavez Autobuses."  The suit, which was assigned Cause No. 2019-33238 (the "Underlying Lawsuit"), is pending in the 190th Judicial District for Harris County, Texas.  (Ex. B.)

8. Compean alleges that the Los Chavez driver went too fast over some speed bumps, "throwing [her] into the ceiling of the bus" and that, as a result, she "sustained serious injuries."  (Ex. B, ¶¶ 5.2-5.5)  Compean seeks actual and exemplary damages "in an amount far in excess of the minimum jurisdictional limits of [the underlying court]."  (*Id*., ¶ 8.2.)  Although Compean does not allege a precise amount in controversy, the damages sought plainly exceed $75,000.

9. The Policy generally covers "damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'"  (Ex. A, ¶ II.A.)  But the Policy further provides that only "accidents" and "losses" occurring within the "coverage territory" are covered.  (*Id*., ¶ IV.B.7.)  The "Coverage Territory" is defined as follows:

(1) The United States of America;

(2) The territories and possessions of the United States of America;

(3) Puerto Rico;

(4) Canada; and

(5) Anywhere in the world if:

3

> (a)    A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and
>
> (b)    The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico or Canada or in a settlement we agree to.

(*Id.*)  The Coverage Territory does not include Mexico.

10.    The complaint in the Underlying Lawsuit alleges that the bus "originat[ed] and return[ed] to Houston." (Ex. B, ¶ 5.1.)  But it does not say where the speed-bump incident (the "Accident") took place.  Without knowing whether the Accident occurred in the Coverage Territory, it is impossible to determine whether coverage is implicated.

11.    When "readily ascertainable facts, relevant to coverage, do not "'overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case,'" a court may consider extrinsic evidence negating an insurer's duty to defend. *See Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469, 476 (5th Cir. 2009) (quoting *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004).  Such is the case here.

12.    The location of the Accident is a readily ascertainable fact that neither overlaps with the merits of the underlying dispute nor contradicts any of the facts alleged in the underlying complaint.  Accordingly, the Court may consider extrinsic evidence to determine whether the Accident occurred within the Policy's Coverage Territory.  *See Ooida*, 579 F.3d at 476; *Northfield*, 363 F.3d at 531.  It did not.  The bus may have originated in and returned to Houston, but Compean was traveling from Matehuala, Mexico to Houston, Texas, and the Accident occurred while the bus was in Mexico.

13. National is currently defending Los Chavez in the Underlying Litigation subject to a reservation of rights. However, because the Accident did not occur within the Policy's Coverage Territory, National seeks a declaration that it has no duty to defend Los Chavez, or any other defendant, person or entity against any claims arising from the Accident, including, but not limited to, those asserted in the Underlying Lawsuit.

14. The same reasons that negate National's duty to defend also negate any possibility that National will ever have a duty to indemnify. Accordingly, National also seeks a declaration that it has no duty to indemnify its Los Chavez or any other defendant, person or entity for any claims arising from the Accident, including, but not limited to, those asserted in the Underlying Lawsuit.

## REQUEST FOR DECLARATORY RELIEF

15. An actual controversy now exists concerning National's obligations, if any, to defend its Named Insured, Defendant Los Chavez Autobuses Inc., or any other defendant, person or entity, against any claims arising from the Accident, including, but not limited to, those asserted in the Underlying Lawsuit. A declaratory judgment concerning the rights of the parties under the Policy is therefore authorized to resolve any uncertainty regarding the parties' rights and obligations under the Policy. *See* 28 U.S.C. § 2201.

## PRAYER

WHEREFORE, Plaintiff National Liability & Fire Insurance Company prays that the Court enter judgment:

i. declaring that National does not have a duty to defend its Named Insured, Defendant Los Chavez Autobuses Inc., or any other defendant, person, or

       entity, against any claims arising from the Accident, including, but not limited to, those asserted in the Underlying Lawsuit;

ii. declaring that National does not have a duty to indemnify its Named Insured, Los Chavez Autobuses Inc., or any other defendant, person, or entity, for any claims arising from the Accident, including, but not limited to, those asserted in the Underlying Lawsuit;

iii. requiring Defendants to pay the costs incurred by National in this action; and

iv. awarding National all such further relief to which it may be justly entitled at law or in equity.

                              Respectfully submitted,

                              */s/ Susan A. Kidwell*

                              Susan A. Kidwell (Attorney-in-Charge)
                              State Bar No. 24032626
                              S.D. Texas No. 631211
                              Sarah E. Lancaster
                              State Bar No. 24092663
                              S.D. Texas No. 2771232
                              LOCKE LORD LLP
                              600 Congress Avenue, Suite 2200
                              Austin, Texas  78701
                              (512) 305-4700 (Telephone)
                              (512) 305-4800 (Facsimile)
                              skidwell@lockelord.com
                              sarah.lancaster@lockelord.com

                              ATTORNEYS FOR PLAINTIFF
                              NATIONAL LIABILITY & FIRE INSURANCE COMPANY

82774086v.2 0041174/00259