United States District Court
Southern District of Texas
**ENTERED**
March 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, Plaintiff, | § § § § § § | CIVIL ACTION NO. 4:20-cv-01302 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| LOS CHAVEZ AUTOBUSES INC and ANTONIA COMPEAN, Defendants. | § § § § | |

**MEMORANDUM AND OPINION
GRANTING SUMMARY JUDGMENT**

Plaintiff National Liability & Fire Insurance Company seeks a declaration that it has no duty to defend or to indemnify its insured, Defendant Los Chavez Autobuses, Inc, in an underlying state-court negligence action.

The motion by National Liability for summary judgment is granted. Dkt 9.

1. Background

Los Chavez has a business auto insurance policy with National Liability. The policy requires National Liability to pay "all sums" that Los Chavez "legally must pay as damages . . . caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" Dkt 1-2 at 22. The policy defines *accident* as a "continuous or repeated exposure to the same conditions resulting in bodily injury or property damage." Id at 30 (internal quotations omitted).

The policy also contains a territory-coverage provision. It states in relevant part:

> [W]e cover accidents and losses occurring:
>
> . . .
>
> b. Within the coverage territory. The coverage territory is:
>
>   (1) The United States of America;
>
>   (2) The territories and possessions of the United States of America;
>
>   (3) Puerto Rico;
>
>   (4) Canada; and
>
>   (5) Anywhere in the world if:
>
>     (a) A covered "auto" of the private passenger type is leased, hired, rented, or borrowed without a driver for a period of 30 days or less; and
>
>     (b) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico or Canada or in a settlement we agree to.

Id at 29.

The underlying accident is described next. Neither party contends that the fifth category of the above provision applies here. But the parties do dispute whether the accident should be characterized as having occurred in the United States or in Mexico. This is a case-dispositive dispute because the accident is excluded from coverage if it occurred in Mexico.

Defendant Antonia Compean apparently wasn't deposed in the underlying state-court action. But her daughter, Catalina Beltran, was. She testified that Compean boarded a bus in Matehuala, Mexico in April 2019, destined for Houston, Texas. Dkt 10-5 at 2 (Beltran deposition); see also Dkt 1-1 at ¶¶ 5.1–5.6. Compean asserts that the bus was "owned and operated by Autobuses El Refugio and Los Chavez." Dkt 10 at 5. These are apparently affiliated entities that lease buses from each other,

with the former operating in Mexico and the latter operating in the United States. See Dkt 10-3 at 4 (Chavez deposition).

The identity of the El Refugio driver at the beginning of the journey in Mexico is unknown. That driver passed over a speed bump in Matehuala at an excessive rate of speed, causing Compean to hit her head on the ceiling. Dkt 10-5 at 3 (Beltran deposition); see also Dkt 1-1 at ¶¶ 5.2–5.4. She was then unconscious for several hours as the bus traveled from Matehuala to Monterrey, regaining consciousness at some point before reaching Laredo, Texas. Dkt 10-5 at 4–5 (Beltran deposition). Even so, the driver didn't take her to any medical facilities in Mexico. Id at 4–6; see also Dkt 1-1 at ¶ 5.5.

Luis Perez is a driver for Los Chavez. He replaced the unidentified driver at the United States border. Dkt 10-4 at 4–5 (Perez deposition); see also Dkt 10 at 6. Compean asserts that she experienced "bleeding from the head, confusion, fainting, immobility" on the way to Houston. Dkt 10 at 6. Even so, Perez continued to Houston without helping her. Dkt 10 at 9. Compean received medical attention upon reaching Houston. She alleges that it was then determined that she had sustained spinal injuries and a traumatic brain injury as a result of "being thrown into the roof." Dkt 1-1 at ¶ 5.6; see also Dkt 10 at 6.

Compean initiated action in Texas state court in May 2019 against both Los Chavez and the unidentified El Refugio driver at the time of the incident in Mexico. Dkt 10-1 ¶ 1.1–6.7; see Dkt 10-1. Her amended complaint asserts claims of negligence and gross negligence against them both. See Dkt 1-1 at ¶¶ 6.1–6.7. That action still proceeds in state court.

National Liability initiated this action in April 2020, seeking a declaratory judgment that it has no duty to defend or to otherwise indemnify Los Chavez because the underlying accident occurred outside the policy coverage territory. Dkt 1. Important distinctions exist between (on the one hand) the state-court petition by Compean and (on the other) the complaint and summary-judgment motion asserted by National Liability and Compean's brief in response.

Party identity is one example. Compean brought her action against the unidentified driver (as John Doe, for El Refugio) at

3

the time of her injury in Mexico—and not against the successive driver (Perez, for Los Chavez) from the United States border and onwards. See Dkt 1-1 at ¶¶ 6.1–6.2; Dkt 10 at 6. But rather than bring action against El Refugio (which employed the unidentified driver, who is sued), Compean sued Los Chavez (which employed Perez, who isn't sued). By contrast, National Liability in this action seeks a declaratory judgment against only Los Chavez and Compean, ignoring entirely El Refugio and both drivers.

The complained-of conduct is another example. Given that the unidentified driver for El Refugio is the named defendant in the state-court petition, Compean focuses her complaint on his conduct as it relates to her initial injury and how it happened in Mexico. Dkt 1-1 at ¶¶ 6.1–6.7. By contrast, Compean argues in this action that her underlying negligence claims arose in Laredo and along the route to Houston. She argues that she should have been given medical treatment in Laredo (rather than Houston) and that the delay in treatment proximately caused her injuries. Dkt 6 at ¶ 6. That theory is entirely absent from her state-court petition, which indisputably alleges that she sustained a massive injury in Mexico. Dkt 1-1 at ¶¶ 5.2–5.4; see also Dkt 10-5 at 3 (Beltran deposition). In fact, neither Perez nor any aspect of travel in the United States is mentioned in the underlying petition.

National Liability moves for summary judgment on the issues of both duty to defend and duty to indemnify. It argues that the at-issue accident occurred in Mexico and is thus excluded from coverage. And it further argues that any injuries Compean may have sustained in the United States aren't covered by the policy at issue. Dkt 9.

2. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics, Inc v Oregon Cardio-Devices, Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby, Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the

"evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles, LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County, Texas*, 956 F3d 311, 316 (5th Cir 2010), quoting *Anderson*, 477 US at 248. Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008), citing *Ballard v Burton*, 444 F3d 391, 396 (5th Cir 2006).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015) (quotation omitted); see also *Celotex Corp v Catrett*, 477 US 317, 322–23 (1986) (citations omitted). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536 (quotation omitted). To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012) (citation omitted).

3. Analysis

This action proceeds in federal court based upon diversity jurisdiction. See 28 USC § 1332. Federal courts sitting in diversity must apply state substantive law and federal procedural law. *Hanna v Plumer*, 380 US 460, 465 (1965), citing *Erie Railroad Co v Tompkins*, 304 US 64, 58 (1938). Texas substantive law thus governs the claim by National Lability.

Under Texas law, an "insurer's duty to defend and duty to indemnify are distinct and separate duties." *Farmers Texas County Mutual Insurance Co v Griffin*, 955 SW2d 81, 82 (Tex 1997), citing *Trinity Universal Insurance Co v Cowan*, 945 SW2d 819, 821–22 (Tex

1997). The difference between the duties is largely "a matter of timing," with the former arising when litigation begins, and the latter generally arising once the underlying claims are resolved. *Colony Insurance Co v Peachtree Construction, Ltd*, 647 F3d 248, 253 (5th Cir 2011) (citation omitted). The duty to defend means that "the insurer will defend the insured in any lawsuit that 'alleges and seeks damages for an event potentially covered by the policy.'" *Colony Insurance*, 647 F3d at 252–53, quoting *DR Horton-Texas, Ltd v Markel International Insurance Co*, 300 SW3d 740, 743 (Tex 2009). The duty to indemnify means that "the insurer will 'pay all covered claims and judgments against an insured.'" *Colony Insurance*, 647 F3d at 253, quoting *DR Horton-Texas*, 300 SW3d at 743.

National Liability moves for summary judgment on both duties. As to duty to defend, it seeks judgment essentially declaring that the location of the accident excludes it from coverage. Dkt 9 at 8–17. As to duty to indemnify, it seeks judgment declaring that the same exclusion from coverage pertains. Id at 17.

Los Chavez doesn't appear to contest this. Indeed, it hasn't responded or otherwise attempted to defend in this action. It is instead Compean who argues that National Liability has a duty to defend and indemnify Los Chavez. Dkt 10. That posture appears unusual, but Compean has standing to proceed this way. The Fifth Circuit holds, "In a declaratory judgment action brought by an insurer to determine coverage under a liability policy issued to the insured, third parties claiming liability in state tort suits against the insured have been held to be proper parties . . . even though their claims against the insurer was contingent upon recovery of a judgment against the insured." *Dairyland Insurance Co v Makover*, 654 F2d 1120, 1123 (5th Cir 1981) (citations omitted).

    a. Duty to defend

Whether an insurer has a duty to defend its insured is a question of law. *Lyda Swinerton Builders, Inc v Oklahoma Surety Co*, 903 F3d 435, 445 (5th Cir 2018). Texas courts apply what is known as the *eight-corners doctrine* to answer that question. By this, they compare allegations within the four corners of the plaintiff's pleadings in the underlying action with provisions within the four

6

corners of the insurance policy. *National Union Fire Insurance Co v Merchants Fast Motor Lines, Inc*, 939 SW2d 139, 141 (Tex 1997, *per curiam*). When doing so, "allegations in the petition must be construed liberally in favor of the insured, and all doubts must be resolved in favor of the duty to defend." *Lyda Swinerton Builders*, 903 F3d at 446. "If the petition pleads facts sufficient to create the potential of covered liability, then the insurer has a duty to defend the entire case, even if some of the alleged injuries are not covered." Id at 447. But if the petition only alleges facts excluded by the policy, then the insurer has no duty to defend. *Northfield Insurance Co v Loving Home Care, Inc*, 363 F3d 523, 528 (5th Cir 2004) (citations omitted). "Facts ascertained before suit, developed in the process of litigation, or determined by the ultimate outcome of the suit do not affect the duty to defend." Ibid (citations omitted).

A narrow exception does exist to the eight-corners doctrine, providing an avenue of discrete supplementation. The Fifth Circuit holds the doctrine doesn't apply in the "very limited circumstances . . . when it is initially impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Northfield Insurance*, 363 F3d at 531 (emphasis in original). The Texas Supreme Court hasn't expressly adopted this exception. But the Fifth Circuit continues to assume it is correct because the Texas Supreme Court has cited it with approval. *State Farm Lloyds v Richards*, 784 Fed Appx 247, 251 (5th Cir 2019) (citations omitted).

The policy at issue expressly states that it doesn't cover accidents or losses outside of the defined coverage territory, which *includes* the United States but *excludes* Mexico. Dkt 1-2 at 29. But the operative underlying pleadings don't expressly state where the injury-causing accident occurred. Dkt 1-1 at ¶¶ 5.1–5.6. This makes it (as phrased in *Northfield Insurance*) "initially impossible to discern whether coverage is potentially implicated" based on the eight-corners doctrine. 363 F3d at 531. But whether the accident occurred in Mexico is a question that "goes solely to a fundamental issue of coverage" and doesn't "overlap with the

7

merits of or engage the truth or falsity of any facts alleged in the underlying case." Ibid. Extrinsic evidence is thus permitted.

National Liability and Compean in fact agree that extrinsic evidence is properly considered. See Dkt 9 at 10–12; Dkt 10 at 8. And the extrinsic evidence in the record indisputably establishes that Compean was initially injured in Mexico, when the unidentified driver for El Refugio went over speed bumps in Matehuala, Mexico at an excessive rate of speed. See Dkt 1-1 at ¶¶ 5.1–5.7; Dkt 6 at ¶ 6; Dkt 10-5 at 2–3. That is a geographic area excluded by the territory-coverage provision. Dkt 1-2 at 29. This means that National Liability has no duty to defend Los Chavez in the underlying action. See *Ooida Risk Retention Group, Inc v Williams*, 579 F3d 469, 475–76 (5th Cir 2009 (citations omitted) (applying *Northfield Insurance* exception and determining no duty to defend).

Still, Compean asserts that National Liability must defend Los Chavez even though the accident occurred in Mexico. She does so by identifying as negligence the "failure to stop the bus and seek medical care" once the bus entered the United States. Dkt 10 at 8–9. And she states that this failure to render aid was the producing cause of her injury—not the initial injury she sustained in Mexico, as alleged in the state-court petition. Compare Dkt 10 at 8–9, with Dkt 1-1 at ¶¶ 6.1–6.7. Thus, she concludes that her new negligence theory is based on acts and omissions that occurred in the United States, which is a covered territory under the policy. Dkt 10 at 8–9; Dkt 1-2 at 29–30.

A clever argument in some ways, but it fails for two reasons. For one, it is contrary to and states positions not taken in the state-court petition, which is the pertinent document as to party position under the eight-corners doctrine. More importantly, it seeks to elude the territory-coverage provision without accounting for the *sine qua non* of coverage here. The at-issue insurance policy only covers injuries caused by an "'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" Dkt 1-2 at 22.

An *accident* is defined under the subject policy as a "continuous or repeated exposure to the same conditions resulting in bodily injury or property damage." Id at 30 (internal

8

quotations omitted). And the Texas Supreme Court has adopted a three-factor test "for determining whether an injury arises out of the use of a motor vehicle for purposes of auto liability insurance coverage." *Mid-Century Insurance Co v Lindsey*, 997 SW2d 153, 157 (Tex 1999) (citations omitted). *First,* the accident must have arisen out of the inherent nature of the automobile. *Second,* the accident must have arisen within the natural territorial limits of an automobile, and the actual use must not have terminated. *Third,* the automobile must not merely contribute to cause the condition which produces the injury, but must itself produce the injury. Ibid (citations omitted). At base, then, "to invoke coverage the vehicle's use must be a producing cause or cause in fact of the accidental injury." *Lancer Insurance Co v Garcia Holiday Tours*, 345 SW3d 50, 57 (Tex 2011) (citations omitted). To the contrary, "when the vehicle merely furnishes a place for the accident or injury to occur, it is not a substantial factor, and the causal link is insufficient to invoke coverage." Ibid. And an insured has the burden to establish coverage under the policy. *JAW The Pointe, LLC v Lexington Insurance Co*, 460 SW3d 597, 603 (Tex 2015).

Compean in no way meets her burden to show that any injuries she allegedly sustained in the United States are covered under the policy. Indeed, even assuming that she was injured because of the failure by Perez to render aid, that specific injury didn't arise out of any "accident" or "use" of the bus in the United States—at least not in terms of being the producing cause of her injury. Dkt 1-2 at 22; see Dkt 10 at 8–9. The bus was instead merely the "locational setting" of the allegedly negligent failure to render aid by Perez. See *Mid-Century Insurance Co*, 997 SW2d at 156 (citation omitted).

The injury sustained by Compean isn't covered under the policy because it occurred due to an accident in Mexico. Her claims of subsequent negligence in the United States based on an asserted failure to render aid are also not covered. The subject policy thus imposes no duty on National Liability to defend Los Chavez in the underlying state-court action. And as such, it is entitled to summary judgment on this issue.

b. Duty to indemnify

Unlike the duty to defend, the duty to indemnify isn't constrained by the eight-corners doctrine or determinable at the outset or in the midst of litigation. Instead, "it is well settled that the facts actually established in the underlying suit control the duty to indemnify." *DR Horton-Texas*, 300 SW3d at 744 (quotations and citations omitted). From an insured's perspective, this typically means that "an insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all." *Colony Insurance*, 647 F3d at 253 (citations omitted). But an insurer's perspective can be different. The Texas Supreme Court holds that "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*" *Farmers Texas County Mutual Insurance*, 955 SW2d at 84 (emphasis in original).

National Liability argues that it has no duty to indemnify Los Chavez in the underlying suit, again asserting that the location of the accident negates coverage. Dkt 9 at 17. Compean contends that it's inappropriate to decide the duty to indemnify until the underlying action has been resolved. Dkt 10 at 11. But no facts can possibly be developed in the state-court action that will transform an accident in Mexico into one within the policy's territorial coverage. See *Farmers Texas County Mutual Insurance*, 955 SW2d at 84. And no facts can be developed that can transform the alleged failure to render aid in the United States into an "accident" within the meaning of this commercial automobile policy. As such, the same facts that negate a duty to defend on the part of National Liability equally negate any duty to indemnify. For example, see *Star-Tex Resources, LLC v Granite State Insurance Co*, 553 F Appx 366 (5th Cir 2014).

The subject policy imposes no duty on National Liability to indemnify Los Chavez as to the underlying accident. As such, it is entitled to summary judgment on this issue.

4. Conclusion

The motion by Plaintiff National Liability & Fire Insurance Company for summary judgment against Defendants Los Chavez Autobuses, Inc and Antonia Compean is GRANTED. Dkt 9.

National Liability must submit a proposed form of final judgment by March 26, 2021.

Nothing here constitutes a ruling on the merits of the state-court action by Compean against Los Chavez and the unidentified driver for Autobuses El Refugio. And nothing here precludes action by her against any insurance provider for El Refugio as to accidents occurring in Mexico or against Los Chavez and its driver, Luis Perez, for the alleged failure of the former to seek prompt aid in the United States. Perhaps such conduct is actionable. The ruling here establishes only that such claims aren't covered by the at-issue insurance policy.

SO ORDERED.

Signed on March 10, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge